**Steven R. COWELL,**
**Petitioner-Appellant,**

v.

**NATIONAL TRANSPORTATION SAFE-TY BOARD, Respondent-Appellee.**

**No. 79–1526.**

United States Court of Appeals,
Tenth Circuit.

Submitted Dec. 26, 1979.

Decided Jan. 2, 1980.

---

J. Scott Hamilton, of Hamilton & Hill, P. C., Denver, Colo., for petitioner-appellant.

Alice Daniel, Acting Asst. Atty. Gen., and Eloise E. Davies and Susan A. Ehrlich, Civ. Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

On March 6, 1979, the Federal Aviation Administration issued an emergency order revoking Steven Cowell's airman and airman medical certificates. Cowell appealed that order. A hearing was thereafter conducted by an Administrative Law Judge who affirmed the order of the FAA. Cowell then appealed to the National Transportation Safety Board, which adopted the findings of the Administrative Law Judge and affirmed the FAA's order of revocation. Cowell has petitioned this Court for review of the Board's order.

The Board found that in his dealings with the FAA Cowell had made false and fraudulent statements. Specifically, the Board found: (1) that Cowell had advised the FAA, in written form, that he had no traffic violations when in fact he had some seven violations; and (2) that Cowell had submitted false logbooks to the FAA which grossly overstated his flying time. The record clearly indicates that these findings are supported by substantial evidence and, such being the case, they are conclusive on appellate review. 49 U.S.C. § 1486(e). *French v. CAB*, 378 F.2d 468, 470 (10th Cir. 1967).

Cowell argues that the complaint against him, which under 49 C.F.R. § 821.-55(c) is the emergency order of revocation, was only general and conclusory in nature, and that it failed to put him on adequate notice of the factual basis for the complaint. 49 C.F.R. § 821.31(b) does provide that when one of the FAA's claims against an airman is that he lacks qualifications, the complaint "shall recite on which of the facts pleaded this contention is based." The complaint in our view clearly indicates which logbook entries and which answers on the applications for airman medical cer-

tificates were found to be false. There could be no misunderstanding on this matter. In short, the complaint was not subject to dismissal because of any lack of specificity.

Cowell also contends that at least certain of the charges in the complaint occurred more than 6 months prior to the FAA's order and were therefore "stale" under 49 C.F.R. § 821.33. That regulation does provide that where the complaint states allegations of offenses which occurred more than 6 months prior to an FAA complaint, the action may be dismissed upon motion. However, that same regulation has an exception for such cases as the one against Cowell where the complaint states a lack of qualification on the part of the certificate holder. 49 C.F.R. § 821.-33(b).

Cowell next contends that under 49 U.S.C. § 1429(a) he was entitled to notice before the emergency order issued. However, the statute itself excepts "cases of emergency." And in line with the exception, 49 U.S.C. § 1485(a) empowers the FAA, in emergency circumstances, to enter such orders as may be essential to air safety without notice. See *Stern v. Butterfield*, 529 F.2d 407 (5th Cir. 1976).

Other matters raised by Cowell on appeal have been considered. None, however, warrants discussion. The only issue of any possible substance is whether the Board's findings are supported by the record. As indicated, we find that they are amply supported. Cowell gave false statements to the FAA concerning traffic violations and the amount of flying time he had logged. A flight surgeon for FAA testified concerning the significance, from a medical standpoint, of an applicant's concealment of his personal history, or of what he believes is a damaging part thereof. The danger arising when an applicant grossly overstates his flying time is self-evident.

Order affirmed.