622 F.2d 1017
 NEVADA AIRLINES, INC., Plaintiff-Appellant,
v.
Langhorne M. BOND, Administrator, Federal Aviation
Administration, Defendant-Appellee.
NEVADA AIRLINES, INC., Petitioner,
v.
Langhorne M. BOND, Administrator, Federal Aviation
Administration, Respondent.
 Nos. 80-5421, 80-7291.
 United States Court of Appeals,
Ninth Circuit.
 July 8, 1980.
 
 Edward S. Coleman, Los Angeles, Cal., for plaintiff-appellant.
 Mike Pangia, Fed. Aviation Administration, Washington, D. C., for defendant-appellee.
 Appeal from the United States District Court for the District of Nevada and Petition for Review of an Order of the Administrator of the Federal Aviation Administration.
 Before WRIGHT, KENNEDY, and SKOPIL, Circuit Judges.
 PER CURIAM.
 
 
 1
 On May 23, 1980, the air carrier operating certificate of Nevada Airlines, Inc., was revoked in an emergency pursuant to 49 U.S.C. § 1429(a).[1] Nevada Airlines has appealed from the judgment of the district court dismissing its action for injunctive relief against the emergency revocation and has petitioned for review of the emergency revocation order under 49 U.S.C. § 1486(a).[2] We affirm the district court's dismissal for lack of subject matter jurisdiction and deny the petition for review.[3]
 
 
 2
 Nevada Airlines is a Nevada corporation engaged primarily in providing a commuter air service under an air carrier operating certificate issued by the Federal Aviation Administration (FAA) pursuant to 49 U.S.C. § 1424. In March 1980, the FAA conducted a thorough investigation of Nevada Airlines' operations and facilities. Shortly thereafter, it issued a report alleging numerous violations of applicable safety regulations. Nevada Airlines was informed of the allegations and was asked to advise the FAA of its proposed remedies.
 
 
 3
 On May 23, the FAA Administrator, acting through Regional Counsel, determined that an emergency existed requiring immediate action with respect to safety in air commerce because of the uncorrected violations. He issued an emergency revocation order. This determination effected the suspension of Nevada Airlines' operating certificate pending an administrative appeal to the National Transportation Safety Board (NTSB). 49 U.S.C. § 1424(a).
 
 
 4
 Alleging irreparable injury by the suspension of its certificate pending administrative proceedings and a denial of due process by the Administrator's action, Nevada Airlines sued in district court to enjoin immediate enforcement of the revocation order.
 
 
 5
 An ex parte temporary restraining order was issued, but it was vacated on the Administrator's motion, and the district court dismissed the action under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Nevada Airlines appeals from that judgment and petitions independently for review of the Administrator's order.
 
 
 6
 Our initial concern is with the reviewability of the emergency revocation order. We distinguish here the Administrator's determination that an emergency warranted immediate effectiveness of the order from his underlying substantive determination that revocation was warranted. Under section 609(a) of the Federal Aviation Act of 1958 (49 U.S.C. § 1429(a)), the latter determination may be reviewed by petition to this court after resolution of the administrative appeal pending before the NTSB. Whether the former determination is reviewable now is an issue of first impression.
 
 
 7
 The parties have cited no cases, nor have we discovered any in which a certificate holder sought only to challenge the Administrator's emergency determination. Rather, courts have uniformly reviewed the Administrator's use of emergency action only in conjunction with review of the revocation question, and only after the administrative appeal was concluded. See Cowell v. National Transportation Safety Board, 612 F.2d 505, 506 (10th Cir. 1980); Stern v. Butterfield, 529 F.2d 407, 408 (5th Cir. 1976); Morton v. Dow, 525 F.2d 1302, 1304 (10th Cir. 1975); Air East, Inc. v. National Transportation Safety Board, 512 F.2d 1227, 1229-30 (3d Cir.), cert. denied, 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975).
 
 
 8
 We are persuaded, however, that Nevada Airlines' claim for relief is cognizable at this time, even though administrative remedies remain available to challenge the underlying revocation order. Under section 1006(a) of the Act (49 U.S.C. § 1486(a)), we have jurisdiction to review "(a)ny order" issued by the Administrator in the exercise of his statutory powers.
 
 
 9
 We do not read the separate statutory provision for agency review of the revocation order as limiting this broad grant of jurisdiction. To the contrary, the Administrator's use of emergency powers to effect an immediate revocation insures that the revocation order will not be stayed during the pendency of the administrative appeal as would otherwise be the case. See 49 U.S.C. § 1429(a).
 
 
 10
 Although the administrative appeal is expedited in these emergency situations, the net effect is a suspension without prior notice and hearing for a period of up to 60 days. See id. The emergency determination would deprive the certificate holder of a significant property interest and affects substantial rights that might be lost if review is denied or delayed.[4]
 
 
 11
 This determination could not be insulated from prompt judicial review without raising serious due process concerns. See North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 606, 95 S.Ct. 719, 722, 42 L.Ed.2d 751 (1975); United States v. Vertol H21C, 545 F.2d 648, 650-51 (9th Cir. 1976).
 
 
 12
 Even assuming that our authority under § 1486(a) is limited to review of "final" agency orders, see McManus v. Civil Aeronautics Board, 286 F.2d 414, 417 (2d Cir.), cert. denied, 366 U.S. 928, 81 S.Ct. 1649, 6 L.Ed.2d 388 (1961), the emergency determination is final in a practical sense to permit our review.[5]
 
 
 13
 Having determined that we have jurisdiction over the petition for review of the emergency order, it follows that our jurisdiction is exclusive and that the district court lacked subject matter jurisdiction over the action for injunctive relief.
 
 
 14
 Under settled principles applicable to review of agency action, Congress may select the forum in which review may be had and special statutory review procedures take precedence over whatever non-statutory review might otherwise be available in the district court. See City of Rochester v. Bond, 603 F.2d 927, 935-39 (D.C. Cir. 1979). Congress has exercised this authority in this area to provide for exclusive jurisdiction in the courts of appeals. 49 U.S.C. § 1486(a). We therefore affirm the judgment of dismissal below under Fed.R.Civ.P. 12(b)(1).
 
 
 15
 Although we hold today that we have jurisdiction to entertain Nevada Airlines' petition for review, we adopt a limited standard of review over the Administrator's action. Congress has given broad discretion to the Administrator in matters of safety in air commerce and air transportation.
 
 
 16
 In the ordinary case, we would review the findings of fact supporting a certificate revocation only to determine if they are supported by substantial evidence in the administrative record. See 49 U.S.C. § 1486(e). Without an administrative record or agency hearing at this stage of the proceedings and in light of the Administrator's broad discretion, we limit our review to determining whether the Administrator's finding of an emergency was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. See Camp v. Pitts, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973); Tiger International Inc. v. Civil Aeronautics Board, 554 F.2d 926, 936 (9th Cir.), cert. denied, 434 U.S. 975, 98 S.Ct. 532, 54 L.Ed.2d 467 (1977). Cf. Air East, Inc. v. National Transportation Safety Board, 512 F.2d at 1232 (Administrator does not have unlimited discretion to exercise his emergency powers "arbitrarily and capriciously.")[6]
 
 
 17
 In other words, a carrier challenging the Administrator's emergency determination must demonstrate a substantial likelihood that the determination was "a clear error of judgment" lacking any rational basis in fact. See Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 285, 95 S.Ct. 438, 441, 42 L.Ed.2d 447 (1974); Ethyl Corp. v. Environmental Protection Agency, 541 F.2d 1, 34-35 n. 74 (D.C. Cir), cert. denied, 426 U.S. 941, 96 S.Ct. 2663, 49 L.Ed.2d 394 (1976).
 
 
 18
 Without determining precisely the showing that would warrant relief in another case, we find that Nevada Airlines failed to demonstrate any basis for a conclusion that the Administrator's exercise of his emergency powers was arbitrary and capricious.
 
 
 19
 The emergency revocation order shows in detail a pattern of repeated conduct by Nevada Airlines evidencing a disregard for regulations directed to safety in air commerce. The charges stand uncontroverted by the carrier except in conclusory terms.
 
 
 20
 We recognize the difficulty facing a petitioner in marshalling evidence at this stage, but we find no showing that the Administrator's finding of an emergency was unreasonable.
 
 
 21
 We do not hold that a petition for review of an emergency revocation order must conclusively rebut all charges by the Administrator, nor must we determine now the truth of the charges. Such a review would be an unwarranted infringement on the Administrator's broad discretion and preempt the purpose of judicial review of the final NTSB decision on the question of certificate revocation.
 
 
 22
 Where we are given no concrete information casting doubt on the authenticity or gravity of any of the Administrator's charges, we shall not interfere with his determination that summary action was required.
 
 
 23
 The petition for review is DENIED.
 
 
 24
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The statute provides:
 The Administrator may, from time to time, reinspect any civil aircraft, aircraft, engine, propeller, appliance, air navigation facility, or air agency, or may reexamine any civil airman. If, as a result of any such reinspection or reexamination, or if, as a result of any other investigation made by the Administrator, he determines that safety in air commerce or air transportation and the public interest requires, the Administrator may issue an order amending, modifying, suspending, or revoking, in whole or in part, any type certificate, production certificate, airworthiness certificate, airman certificate, air carrier operating certificate, air navigation facility certificate (including airport operating certificate), or air agency certificate. Prior to amending, modifying, suspending, or revoking any of the foregoing certificates, the Administrator shall advise the holder thereof as to any charges or other reasons relied upon by the Administrator for his proposed action and, except in cases of emergency, shall provide the holder of such a certificate an opportunity to answer any charges and be heard as to why such certificate should not be amended, modified, suspended, or revoked. Any person whose certificate is affected by such an order of the Administrator under this section may appeal the Administrator's order to the National Transportation Safety Board and the National Transportation Safety Board may, after notice and hearing, amend, modify, or reverse the Administrator's order if it finds that safety in air commerce or air transportation and the public interest do not require affirmation of the Administrator's order. In the conduct of its hearings the National Transportation Safety Board shall not be bound by findings of fact of the Administrator. The filing of an appeal with the National Transportation Safety Board shall stay the effectiveness of the Administrator's order unless the Administrator advises the National Transportation Safety Board that an emergency exists and safety in air commerce or air transportation requires the immediate effectiveness of his order, in which event the order shall remain effective and the National Transportation Safety Board shall finally dispose of the appeal within sixty days after being so advised by the Administrator. The person substantially affected by the National Transportation Safety Board's order may obtain judicial review of said order under the provisions of section 1486 of this title, and the Administrator shall be made a party to such proceedings.
 49 U.S.C. § 1429(a).
 
 
 [2]
 The statute provides:
 Any order, affirmative or negative, issued by the Board or Administrator under this chapter, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section 1461 of this title, shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore.
 49 U.S.C. § 1486(a).
 
 
 [3]
 We have previously denied Nevada Airlines' emergency motion for a stay pending appeal or review as neither the merits of Nevada Airlines' case nor the balance of hardships between the parties warranted the grant of interim injunctive relief pending the final disposition of this matter. See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1133-34 (9th Cir. 1979); Warm Springs Dam Task Force v. Gribble, 565 F.2d 549, 541 (9th Cir. 1977)
 
 
 [4]
 Our conclusion that Nevada Airlines' challenge to the Administrator's emergency determination is reviewable at this time in an independent proceeding is further compelled by the fact that the NTSB will not review that determination in the proceedings before it. The necessity for emergency action is a matter entrusted by statute to the discretion of the Administrator, and the function of the administrative appeal is solely to determine whether there is sufficient evidence to support revocation or suspension of the certificate at issue. See Morton v. Dow, 525 F.2d at 1306
 
 
 [5]
 A "final" agency decision for purposes of review under § 1486(a) has been defined as one that imposes an obligation, denies a right, or fixes some legal relationship. Puget Sound Traffic Association v. Civil Aeronautics Board, 536 F.2d 437, 438-39 (D.C. Cir. 1977). The test of finality in this sense is not whether the order is the last administrative action contemplated under the statutory scheme, but whether the consequences of the order are sufficiently concrete and definite to warrant review. See Environmental Defense Fund, Inc. v. Hardin, 428 F.2d 1093, 1098-99 (D.C. Cir. 1970). Thus, it has been recognized that an administrative determination to take summary action should be deemed final for purposes of review if it is not subject to further consideration in subsequent administrative proceedings. See Environmental Defense Fund, Inc. v. Ruckelshaus, 439 F.2d 584, 591 & n. 18 (D.C. Cir. 1971) (noting possibility of such review under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 135b)
 
 
 [6]
 This limited standard of judicial review has been consistently applied in evaluating the propriety of emergency agency action under other statutory schemes relating to the public safety and welfare. See Porter County Chapter v. Nuclear Regulatory Commission, 606 F.2d 1363, 1368-69 (D.C. Cir. 1979) (review of refusal to institute proceedings for revocation of nuclear power plant license under Atomic Energy Act of 1954, 42 U.S.C. § 2239, and applicable regulations, 10 C.F.R. § 2.202 (1979); Dow Chemical Co. v. Blum, 469 F.Supp. 892, 902-03 (E.D.Mich.1979) (review of immediate suspension of pesticide registration under the Federal Environmental Pesticide Control Act of 1972, 7 U.S.C. § 136d); Forsham v. Califano,, 442 F.Supp. 203, 206 (D.D.C.1977) (review of immediate suspension of approval of new drug application under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(e))