SHARP DRILLING COMPANY,
INC., Plaintiff,

v.

Raymond J. DONOVAN, Secretary of
Labor, Defendant.

No. CIV–81–1150–E.

United States District Court,
W. D. Oklahoma.

Dec. 4, 1981.

Tom E. Mullen and Milton R. Moon of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for plaintiff.

David L. Russell, U. S. Atty., Stan Twardy, Asst. U. S. Atty., Oklahoma City, Okl., T. Timothy Ryan, Jr., Sol. of Labor, Frank A. White, Assoc. Sol. for Occupational Safety & Health, Allen H. Feldman, for Appellate Litigation.

Randy S. Rabinowitz, U. S. Dept. of Labor, Washington, D. C., for defendant.

ORDER

EUBANKS, District Judge.

On October 23, 1981, the defendant, Raymond J. Donovan, Secretary of Labor, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. The basis of this motion is that the plaintiff seeks review of a final order of the U.S. Occupational Safety and Health Review Commission and the U.S. Courts of Appeal have exclusive jurisdiction to review these orders under 29 U.S.C. § 660(a). The plaintiff, Sharp Drilling Company, Inc., denies this and asserts the motion should be denied. This matter is now before the court for its determination.

Upon reviewing the Complaint in this case it is clear that the plaintiff is seeking a review of the decision of the Occupational Safety and Health Review Commission dated July 10, 1981, by asking this court to reverse the Commission and direct the Commission to enter a judgment for the plaintiff. The Complaint is devoid of any facts upon which the plaintiff bases its request for relief. Rather, only bare conclusions are stated. However, this is of no concern as this court finds that 29 U.S.C. § 660 clearly provides:

Any person adversely affected or aggrieved by an order of the Commission issued under subsection (c) of section 659 of this title may obtain a review of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, or in the Court of Appeals for the District of Columbia Circuit, by filing in such court within sixty days following the issuance of such order a written petition praying that the order be modified or set aside. . . .

■■■ This court believes that this statute grants exclusive jurisdiction to the Court of Appeals because even where Congress has not expressly conferred exclusive

jurisdiction, a special review statute vesting jurisdiction in a particular court cuts off other courts' original jurisdiction in all cases covered by the special statute. *Investment Company Institute v. Board of Governors of Federal Reserve System*, 551 F.2d 1270, 1279 (D.C.Cir.1977); *Nevada Airlines Inc. v. Bond*, 622 F.2d 1017 (9th Cir. 1980); *Assure Competitive Transportation, Inc. v. United States*, 629 F.2d 467 (7th Cir. 1980). While the plaintiff argues that their complaint alleges the fact that their constitutional rights have been violated, this court finds that no such allegation has been adequately stated in the Complaint. Further, the plaintiff claims that no "order of the Commission" was issued and therefore 29 U.S.C. § 660(a) does not apply. The court finds this argument to be without merit based upon both the Complaint and 29 U.S.C. § 661(i). Therefore, this court concludes that it is without subject matter jurisdiction in this action.

The plaintiff has requested that if this conclusion is reached this court should enter an order allowing for a filing in the Tenth Circuit which would relate back to the District Court filing. This court does not believe that it has the power to do so as lack of subject matter jurisdiction renders the court powerless to grant any relief. Therefore,

IT IS ORDERED that the defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be and the same is granted.

The Clerk of the Court is directed to mail a copy hereof to counsel of record.