**Decided February 3, 1987**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

MARIANAS PUBLIC LAND TRUST, ) DCA NO. 85-9006
 )
 Plaintiff-Appellant, ) CTC CIV.NO. 84-379
 )
 vs. )
 )
GOVERNMENT OF THE COMMONWEALTH ) DECISION AND ORDER
OF THE NORTHERN MARIANA ISLANDS )
and MARIANAS PUBLIC LAND )
CORPORATION, ) **F I L E D**
 ) Clerk
 Defendants-Appellees. ) District Court
_____)
 **FEB 03 1987**

 For The Northern Mariana Islands
 By_____
 (Deputy Clerk)

THIS MATTER came before the Court on January 28, 1987, for hearing of defendant-appellee Commonwealth of the Northern Mariana Islands' (CNMI) motion to stay this Court's October 16, 1986, decision pending appeal to the U.S. Court of Appeals for the Ninth Circuit. Marianas Public Land Corporation (MPLC) joins the CNMI in this motion. Marianas Public Land Trust (MPLT) opposes a stay.

Movant seeks a stay pursuant to Federal Rule of Appellate Procedure 8, which requires that, prior to application to the Ninth Circuit, movant must first request in this Court a stay of its order. This Court is subject to Rule 8 whether it is sitting as an appellate court or district court. No time limitation is imposed upon movant by Rule 8.

The Appellate Division of this Court, situated as it is between the Commonwealth Trial Court and the Ninth Circuit, occupies a near-unique niche in American jurisprudence. An unfortunate by-product of its position is that much confusion -- whether real, perceived, or contrived by those practicing before it or subject to its decisions -- is engendered by the interplay between the various court rules. Appeals from the Commonwealth Trial Court to the Appellate Division of this Court are governed by the local rules of appellate procedure. Appeals from decisions of the Appellate Division or, of course, from judgments rendered by this Court sitting as a trial court, are governed by the Federal Rules of Appellate Procedure and the appellate rules of the Ninth Circuit.

Part of the confusion in the instant case stems from the fact that there is no local appellate rule analogous to Rule 41(b) of the federal appellate rules. That rule provides that a motion to stay the mandate may be made. The trial court correctly recognized the anomaly created by this omission. However, rather than merely conclude that its order following remand was effectively stayed from enforcement by the CNMI's notice of appeal to the Ninth Circuit, the trial court chose to vacate its order.[1/] This was unnecessary and merely added

---

[1/] This act appears to have been at least partially motivated by the trial court's repeated references to procedural difficulties. it expected to encounter while enforcing the decision of this Court. This Court assumes its decision, by its mandate, will be carried out. In light of the difficulties expressed, the Court

another layer of confusion to an already confusing procedural problem. A notice of appeal from a decision of this Court's Appellate Division is required to be filed within thirty days of the date of decision. Fed.R.Civ.P. 4(a). Movant complied with this rule by filing its notice on November 14, 1986. Now a stay is sought.

The standard for evaluating stays pending appeal to the Ninth Circuit is similar to that employed by district courts in deciding whether to grant a preliminary injunction. _See_ _Nevada Airlines, Inc. v. Bond_, 622 F.2d 1017, 1018 n. 3 (9th Cir. 1980). In this circuit there are two interrelated legal tests for the issuance of a preliminary injunction. These tests are "not separate" but rather represent "the outer reaches 'of a single continuum.'" _Los Angeles Memorial Coliseum Commission v. National Football League_, 634 F.2d 1197, 1201 (9th Cir. 1980). At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. _Id._ _See, also_ _Miss Universe, Inc. v. Flesher_, 605 F.2d 1130, 1134 (9th Cir. 1979). At the other end of the continuum, the moving party must demonstrate that serious

offers the following:

The appellate decision held that the $6,565,800 received from the U.S. government was rent derived from public land, i.e., the lands on Tinian leased to the United States. As such, this money was required to be transferred to MPLT, after having passed first through MPLC, which could deduct only an amount "necessary

1002

legal questions are raised and that the balance of hardships tips sharply in its favor. _Los Angeles Memorial Coliseum Commission_, 634 F.2d at 1201; _Miss Universe_, 605 F.2d at 1134. "[T]he relative hardship to the parties" is the "critical element" in deciding at which point along the continuum a stay is justified. _Benda v. Grand Lodge of International Association of Machinists, etc._, 584 F.2d 308, 314-15 (9th Cir. 1978), _cert. dismissed_, 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979). In addition, in cases such as the one before us, the public interest is a factor to be strongly considered. _See_ _Warm Springs Dam Task Force v. Gribble_, 565 F.2d 549, 551 (9th Cir. 1977); _Lopez v. Heckler_, 713 F.2d 1432, 1435 (9th Cir. 1983); _rev'd in part on other grounds_, 463 U.S. 1328 (1983).

 Because Rule 8 requires movant first to apply to this Court for a stay, we use the standard followed in the Ninth Circuit. Rule 5 of the local appellate rules applies only to appeals from the trial court to the Appellate Division of this Court, and requires for a stay only that a substantial question of law exist.

---

to meet reasonable expenses of administration." CNMI Constitution, Art. XI, §5(g).

Upon receipt, MPLT will be required to turn over to the CNMI general revenues fund all interest which accrued while the money was in the certificates of deposit. CNMI Constitution, Art. XI, §6(d). The Constitution directs MPLT to invest the principal and, again, periodically turn over to the CNMI general revenues fund all interest earned. MPLT may also first deduct an amount "necessary to meet reasonable expenses of administration."

▮▮▮ Movant asserts rather conclusively that substantial questions of law are raised by the appeal but fails to identify them in any but the most cursory fashion. Nor is it demonstrated that there is a probability of success on appeal. "Serious financial ramifications" to the Commonwealth are alleged, but not specified. This Court believes movant has a substantial burden to elucidate the substantial questions of law it perceives and what factors point toward a probability of success on appeal. If mere allegations were sufficient the balancing process required by Lopez v. Heckler would be pointless. Nor can this Court accept that the "relative hardship" to the CNMI is so great as to justify a stay. Were this Court to accept unidentified serious financial ramifications to a party as sufficient to grant a stay then it would ever after hear this plaintive cry from losing parties.

---

▮▮▮▮▮▮▮▮▮▮

The certificates of deposit should of course be allowed to mature. However, it was necessary only for the trial court to order that custody and control be given to MPLT until that time.

A portion of the $6,565,800 was used to purchase private land interests on Tinian. The CNMI is responsible to MPLT for that sum. MPLT has represented in open court that it is willing to accept payment in a reasonable manner and time, so as not to unduly affect the operation of the government.

The trial court may still request clarification should it feel the need to do so.

1004

A final consideration from <u>Lopez v. Heckler</u> is the public interest. Clearly, the public has a strong interest in the efficient administration of justice. This Court believes that a stay is justified to stop the thickening procedural morass occasioned by differences in the appellate rules.[2/] To maintain the status quo pending the decision of the Ninth Circuit will not demonstrably prejudice either party. Much of the money is safely deposited and, if MPLT is ultimately determined to be entitled to the money in dispute, it is unlikely the CNMI will be unable to pay or that it will choose to disregard a court decision.

Therefore, movant's request for a stay is GRANTED.

DATED this 3rd day of February, 1987.

_____
JUDGE ALFRED LAURETA

---

[2/] This Court's appellate rules are currently being revised to eliminate these difficulties.