885 F.2d 591
 SIERRA CLUB, a nonprofit corp., Washoe County, a political
subdivision of the State of Nevada; Lake County, a
political subdivision of the State of Oregon; Nevada
Outdoor Recreational Association, Inc., a Nevada nonprofit
corporation, Plaintiffs-Appellants,
v.
Samuel K. SKINNER,* Secretary of Transportation,
James B. Busey,** Administrator of
the Federal Aviation Administration,
Defendants-Appellees.
SIERRA CLUB, a nonprofit corp.; Washoe County, a political
subdivision of the State of Nevada; Lake County, a
political subdivision of the State of Oregon; Nevada
Outdoor Recreational Association, Inc., a Nevada nonprofit
corporation, Petitioners,
v.
DEPARTMENT OF TRANSPORTATION, and Federal Aviation
Administration, Respondents.
 Nos. 88-1521, 88-7019.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 15, 1988.
Decided Sept. 12, 1989.
 
 1
 Laurens H. Silver, San Francisco, Cal., for plaintiffs-appellants-petitioners.
 
 
 2
 Anne S. Almy, Washington, D.C., for defendants-appellees-respondents.
 
 
 3
 Appeal from the United States District Court for the Eastern District of California.
 
 
 4
 Petition for Review of an Order of Federal Aviation Administration.
 
 
 5
 Before FLETCHER and BEEZER, Circuit Judges, and KING,*** Senior District Judge.
 
 Samuel P. KING, District Judge:
 
 6
 In No. 88-1521, Plaintiffs/Appellants appeal the district court's dismissal for lack of subject matter jurisdiction. We affirm.
 
 
 7
 In No. 88-7019, Petitioners pray for leave to file a late petition for review. We deny the petition.
 
 
 8
 * In the early 1980's, the Federal Aviation Administration ("FAA") established the Hart Air Traffic Control Center Assigned Airspace ("ATCAA") in airspace between 18,000 feet above mean sea level ("MSL") and 51,000 feet above MSL over about 1000 square miles of land in Washoe County Nevada, Modoc County California, and Lake County Oregon. On March 26, 1986, the United States Air Force ("USAF"), on behalf of the Oregon National Guard, requested that the FAA designate the Hart Military Operations Area ("MOA") in the same airspace between 11,000 and 18,000 feet above MSL, with a minimum floor of 3,000 feet above ground level ("AGL").
 
 
 9
 On February 26, 1987, the FAA made the decision to establish the Hart MOA. The Sierra Club on August 28, 1987, filed a complaint in the district court for the Eastern District of California seeking judicial review of the FAA designation. The district court dismissed the complaint on the ground that exclusive jurisdiction to review the FAA action was vested in the circuit courts of appeals. Notice of appeal from the order dismissing the complaint was filed on December 29, 1987, and the "Application for Leave to File Petition for Review after Expiration of Sixty Days from the Entry of Such Order" was filed in this court on January 12, 1988. The cases were consolidated on March 2, 1988.
 
 II
 
 10
 We review de novo a dismissal for lack of subject matter jurisdiction. City of Las Vegas, Nevada v. Clark County, Nevada, 755 F.2d 697, 701 (9th Cir.1985).
 
 
 11
 Under 49 U.S.C.App. Section 1486(a), judicial review of an order of the FAA is vested exclusively in the circuit courts of appeals. Nevada Airlines, Inc. v. Bond, 622 F.2d 1017, 1020 (9th Cir.1980) (court had exclusive subject matter jurisdiction to review FAA emergency decision revoking air carrier operating license); City of Rochester v. Bond, 603 F.2d 927, 935-39 (D.C.Cir.1979) (noting that residual jurisdiction in the district court may exist only to review certain matters for which statutory review is for some reason inadequate). This power of review has been judicially restricted to final orders. Air California v. United States Dep't of Transp., 654 F.2d 616, 620 (9th Cir.1981) (FAA's actions lacked requisites of finality and therefore did not result in a reviewable order). Thus, the district court's dismissal of the Sierra Club's complaint will be affirmed if the action of the FAA in establishing the Hart MOA was a final agency order within the meaning of the cited authorities.
 
 
 12
 This issue would not have arisen were it not for the fact that the FAA itself declared that in exercising its authority to establish a MOA the FAA "does not express that decision by issuing a rule, regulation, or order." Part 7 of the FAA Handbook 7400.2C, sec. 7001. However, the FAA's characterization of its own action is not determinative. Courts have given a broad construction to the term "order" in Section 1486(a). See Sima Products v. McLucas, 612 F.2d 309, 312 (7th Cir.) cert. denied, 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980) (amendment to rule regulating use of x-ray devices at airport security points characterized by FAA as "regulation" determined to be "order"); City of Rochester v. Bond, 603 F.2d at 932 (determination that radio tower near airport presented "no hazard" characterized by FAA as informal action found to be "order"); cf. Air California v. United States Dep't. of Transp., 654 F.2d at 620-21 & n. 6 (court found "FAA" letter not "order" because letter was tentative, and therefore not "final"). "The existence of a reviewable administrative record is the determinative element in defining an FAA decision as an 'order' for purposes of Section 1486." Suburban O'Hare Commission v. Dole, 787 F.2d 186, 193 (7th Cir.) cert. denied, 479 U.S. 847, 107 S.Ct. 169, 93 L.Ed.2d 106 (1986) (petition seeking review of FAA decision to approve expansion of airport).
 
 
 13
 In the instant case, the administrative record consists of about 381 pages, including the announcement and details of the proposal to establish the Hart MOA, the announcements of informal public meetings inviting public comment on aeronautical concerns, summaries of the concerns expressed at the meetings, air traffic studies, numerous letters and petitions in opposition to the Hart MOA designation, and the final decision document approving the proposed designation.
 
 
 14
 We find that the agency action under attack was final given the substantial administrative record and the formality and specificity of the decision document, which states among other things that the Hart MOA would be charted on appropriate aeronautical charts effective April 9, 1987.
 
 
 15
 It follows that the district court did not have subject matter jurisdiction over Sierra Club's complaint. Accordingly, the district court order dismissing the complaint is AFFIRMED.
 
 III
 
 16
 Sierra Club, having filed for judicial review of the FAA action in the wrong court, failed to file a petition for review in a court of appeals within sixty days of entry of the FAA order, as required by 49 U.S.C.App. Sec. 1486(a). Sierra Club has however, applied for leave to file a late petition for review. The filing of a late petition for review is authorized by Section 1486(a) but "only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore."
 
 
 17
 First, Sierra Club contends that it was misled by the FAA Handbook into believing that the designation of the Hart MOA did not result in an "order" reviewable under section 1486(a). Second, Sierra Club argues that even if it were aware that the designation was an "order," it would have been difficult to file a petition for review within sixty days of the FAA decision because the FAA did not notify these applicants, or anyone else who commented on the proposal, that it had taken final action on the proposed Hart MOA. Sierra Club points out that the FAA did not publish notice of the decision in the Federal Register, or in any other publicly distributed document. However, Sierra Club does not claim that it was unaware of the final FAA decision. Third, Sierra Club argues that in the interests of justice, this court should grant its application so it will have a forum in which to seek judicial review.
 
 
 18
 We agree that the FAA has created a confusing situation in circulating a Handbook which states that the designation of a MOA is not an order. However, adequate research should have revealed that the existence of a reviewable administrative record, not the FAA's own characterization of its action, is determinative of whether the action is an "order" under section 1486(a). Furthermore, in a letter dated October 31, 1986, from the Chair of the Toiyabe Chapter (Nevada and Eastern California) of the Sierra Club to the FAA, the Chair asked, "What are the appeal procedures appropriate for this type of decision?" The letter indicates that a copy was sent to counsel for Sierra Club. The FAA responded on November 14, 1986, stating that "any decision rendered by the FAA is subject to judicial review by the courts of appeal of the United States or the United States Court of Appeals for the District of Columbia upon petition." The FAA referred the correspondent to an FAA airspace procedures specialist for further enlightenment. It should be noted that this exchange was some three and a half months before the FAA final decision.
 
 
 19
 The reasons given by applicant for failure to file a petition for review in the circuit court of appeals in a timely manner are not persuasive. We find it difficult to believe that someone among Sierra Club's legal advisers did not sound a note of caution as to jurisdiction. The district court complaint was not filed until six months after the FAA decision to establish the Hart MOA. Even after the issue was raised in the district court, application for leave to file a late petition for review was not made for another two and a half months.
 
 
 20
 Under the circumstances, we find that there has not been a showing of reasonable grounds for failure to file a petition for review in the circuit court of appeals within sixty days of February 26, 1987. Accordingly, the application for leave to file a late petition for review is DENIED.
 
 
 21
 SO ORDERED.
 
 
 
 *
 Samuel K. Skinner is substituted for his predecessor Elizabeth Dole, as Secretary of Transportation. Fed.R.App.P. 43(c)(1)
 
 
 **
 James B. Busey is substituted for his predecessor Thomas McArtor, as Administrator of Federal Aviation Administration. Fed.R.App.P. 43(c)(1)
 
 
 ***
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation