PER CURIAM:
 

 I.
 

 Clyde Blincoe, d/b/a Instead Sky Sports, filed a claim with the Federal Aviation Administration’s San Francisco Airports District Office alleging the Airport Authority of Washoe County had discriminated against him in violation of 49 U.S.C.A.App. § 1349(a) by requiring him to carry a $1,000,000 comprehensive general liability insurance policy for his skydiving, hot air balloon repair and aerial photography business operated at the Reno Stead Airport while not requiring other tenants at the same airport to carry similar coverage. After investigating Blincoe’s allegation and seeking advice from the FAA’s Assistant Chief Counsel, the District Office wrote Blincoe that “the Airport Authority ... is not being discriminatory toward you and is not in violation of’ § 1349(a). Blincoe seeks direct review of this decision pursuant to 49 U.S.CAApp. § 1486(a). We dismiss for lack of jurisdiction.
 

 II.
 

 This court has exclusive jurisdiction to review “[a]ny order, affirmative or negative, issued by the Board or Secretary of Transportation ... upon petition, filed ... by any person disclosing a substantial interest in such order.” 49 U.S.C.A.App. § 1486(a). However, “[t]his power of review has been judicially restricted to
 
 final
 
 orders.”
 
 Sierra Club v. Skinner,
 
 885 F.2d 591, 592 (9th Cir.1989);
 
 Southern Cal. Aerial Advertisers’ Ass’n. v. F.A.A.,
 
 881 F.2d 672, 675 (9th Cir.1989).
 

 “Characteristics indicating finality include providing a ‘definitive’ statement of the agency’s position, having a ‘direct and immediate’ effect on the day-to-day business of the eom-
 
 *464
 
 plaining parties, having the ‘status of law,’ and carrying the expectation of ‘immediate compliance with [its] terms.’ ”
 
 Southern Cal. Aerial Advertisers’ Ass’n,
 
 881 F.2d at 675
 
 (iquoting FTC v. Standard Oil Co. of Cal.,
 
 449 U.S. 232, 239, 101 S.Ct. 488, 493, 66 L.Ed.2d 416 (1981)).
 
 See also Air Cal. v. U.S. Dep’t. of Transp.,
 
 654 F.2d 616, 619 (9th Cir.1981). The hardship the complaining party may suffer if judicial review is denied is also relevant.
 
 Ahhott Lab. v. Gardner,
 
 387 U.S. 136, 148-49, 87 S.Ct. 1507, 1515-16, 18 L.Ed.2d 681 (1967);
 
 Nevada Airlines Inc. v. Bond,
 
 622 F.2d 1017, 1019-20 (9th Cir.1980). Measured by these well-established criteria, the District Office’s letter is clearly not a “final” order.
 

 A.
 

 By its terms, the letter is not a “definitive” determination by the agency that the Airport Authority did not violate § 1349(a). As the letter states, “[t]his determination is an
 
 informal finding”
 
 issued “in an effort to
 
 informally resolve
 
 the
 
 alleged
 
 discriminatory policy and procedures at the Reno-Stead Airport.” (emphasis added).
 
 See Air Cal.,
 
 654 F.2d at 620 (informal nature of agency action implies it is not definitive statement of agency’s position);
 
 Red River Transp. and Dev. Co. v. F.A.A.,
 
 630 F.2d 592, 594 (8th Cir.1980) (language such as “we are investigating incidents,” “[o]ur reports indicate,” and “[i]f the facts as stated are correct” suggested document was not a definitive statement of FAA’s position). Although “the FAA’s characterization of its own action is not determinative,”
 
 Sierra Club,
 
 885 F.2d at 592, it is relevant in determining whether the letter is a “final” administrative resolution of Blincoe’s claims.
 

 The tentative nature of the determination is also indicated by the regulation under which it was issued. Blincoe’s complaint was a “report of a violation” submitted to the District Office of the FAA pursuant to 14 C.F.R. § 13.1, rather than a “formal complaint” filed with the Administrator of the FAA in Washington, D.C. pursuant to 14 C.F.R. § 13.5.
 
 [1]
 
 Such a report is “reviewed by FAA personnel to determine the nature and type of any additional investigation or enforcement action the FAA will take.” 14 C.F.R. § 13.1(b).
 
 [2]
 
 Even a determination that discrimination has occurred would not complete the administrative process. Had the District Office found discrimination, the FAA would have been required to initiate a formal proceeding under 14 C.F.R. § 13.5, including an opportunity for the Airport Authority to be heard, before funds could have been withheld from the Airport Authority due to discriminatory conduct. 49 U.S.CAApp. § 2218(b) (hearing required before petitioner can cause funds to be withheld from a third party). Blincoe was so advised.
 
 [3]
 

 
 *465
 
 Thus, the District Office’s letter, rather than constituting a “definitive statement” of the agency’s position, is more in the nature of “a threshold determination that further inquiry is warranted.”
 
 FTC v. Standard Oil Co. of Cal.,
 
 449 U.S. 282, 241, 101 S.Ct. 488, 494, 66 L.Ed.2d 416 (1981). In this respect, the District Office’s letter is indistinguishable from the letter of the FAA’s General counsel held in
 
 Air California,
 
 654 F.2d at 620-21, to lack the finality required for judicial review.
 

 The holding in
 
 Southern Cal. Aerial Advertisers’ Ass’n
 
 is not to the contrary. In that ease, a letter from the Assistant Manager of the Air Traffic Division of the FAA’s Western-Pacific Region prohibiting fixed-wing aircraft from travelling through certain airspace around the Los Angeles International Airport was held to possess the requisite finality because it was issued pursuant to 49 U.S.C.A.App. § 1848(a), which “charge[s] the [local] Administrator of the FAA with carrying out the duties and powers of the Secretary related to aviation safety,” and makes it clear that the Administrator acts “on behalf of the Secretary when he issues rules and orders related to aviation safety.” 881 F.2d at 675. In contrast, in reviewing a report of violations under § 13.1, the District Office acts on behalf of the FAA only for the purpose of determining whether the FAA will initiate further investigative or enforcement proceedings without further action from the complainant — not for the purpose of making a final determination whether discrimination has occurred in violation of federal law.
 
 Kemmons Wilson, Inc. v. F.AA,
 
 882 F.2d 1041 (6th Cir.1989), is also distinguishable. In
 
 Kemmons,
 
 the petitioner sent a “timely request for a formal evidentiary hearing on its complaint” to the Federal Aviation Administration in Washington after the complaint was initially rejected by the local FAA office.
 
 Id.
 
 at 1044.
 

 B.
 

 The District Office’s letter also does not carry an “expectation of immediate compliance with its terms” or have a “direct and immediate” effect, on Blincoe’s day-to-day business. The only “direct and immediate” effect of the District Office’s informal determination whether discrimination has occurred is to decide whether the petitioner or the FAA bears the responsibility of initiating further proceedings against the Airport Authority by filing a formal complaint under § 13.5.
 

 C.
 

 Finally, there is no indication Blineoe will suffer undue hardship if he does not obtain judicial review at this point. Although the continued existence of the insurance requirement pending a final resolution of his discrimination claim is undoubtedly costly to Blineoe, he would have to incur this cost even if the District Office had found discrimination and the FAA had taken the responsibility for initiating more formal proceedings to resolve the claim. The fact that Blineoe, rather then the FAA, must now initiate formal proceedings has no effect on the cost he must incur pending a final administrative decision and, therefore, does not add to the hardship he may suffer as a result of the District Office’s decision if this court declines to review his claim now.
 
 Compare Nevada Airlines,
 
 622 F.2d at 1019-20 (administrator’s use of emergency powers to revoke pilot’s license reviewable where the action had the immediate effect of depriving complainant of a “significant property interest” and denying prompt judicial review would raise “serious due process concerns” because administrator’s emergency orders were virtually unreviewable through administrative channels).
 

 The petition for review is DISMISSED.
 

 [1]
 

 . We have been advised by the parties that after its decision in this case, the FAA adopted Interim Third-Party Complaint Procedures under which the dismissal of informal complaints will constitute the final agency action unless the decision is appealed to FAA Headquarters. The new procedures require Headquarters's consultation and review before the regional office issues the dismissal determination. However, the FAA did not apply the new procedures in this case and Headquarters did not review the regional determination resulting in a final agency action. We are also advised that the FAA has issued a proposed rule which, if adopted, will affect the procedures followed in such cases as these.
 
 See
 
 Rules of Practice for Federally Assisted Airport Proceedings, 59 Fed.Reg. 29880 (June 9, 1994).
 

 [2]
 

 . The formal complaint process imposes additional procedural requirements, including a written submission to the Office of the Chief Counsel in Washington, D.C. and an opportunity for the “person named in the complaint” to file a written answer. Since these requirements were not met, § 13.5(c) requires that Blincoe’s complaint be treated as a "report” under § 13.1.
 

 [3]
 

 . By letter dated November 4, 1992, the District Office advised petitioner that:
 

 the review we are conducting, at your request, is a third party complaint process aimed at informally resolving the differences between the complainant and the airport operator. Our findings are advisory, and are meant to help the parties to the complaint reach a mutual understanding and resolution of the issue. Under Section 519 of the Airport and Airway Improvement Act of 1982, withholding of funds or other sanctions can be withheld [sic] only after a formal administrative hearing process. That process is contained in 14 Code of Federal Regulations Part 13. We are enclos
 
 *465
 
 ing a copy of that document for your information and, if you deem it appropriate, use.