113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SUN VALLEY AVIATION, INC., Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 96-70713.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 29, 1997.
 
 Petition for Review of a Decision of the Federal Aviation Administration, No. 13-93-26.
 FAA
 REVIEW DISMISSED.
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sun Valley Aviation, Inc. ("Sun"), an aircraft fuel provider at the Blaine County Airport, petitions for review of a July 2, 1996 Federal Aviation Administration ("FAA") letter dismissing as unripe Sun's complaint alleging that the Blaine County Airport Commission ("the Commission") authorized the operation of another fuel provider in violation of Section 308 of the Federal Aviation Act of 1958, 49 U.S.C. § 40103(e). We dismiss the petition for lack of jurisdiction.
 
 
 3
 A party with a substantial interest in an FAA order may seek direct review of that order in this court. See 49 U.S.C. § 46110(a) (1997). We cannot review agency orders unless they are final. See Blincoe v. FAA, 37 F.3d 462, 463 (9th Cir.1994) (per curiam). "Characteristics indicating finality include providing a 'definitive' statement of the agency's position, having a 'direct and immediate' effect on the day-to-day business of the complaining parties, having the 'status of law,' and carrying the expectation of 'immediate compliance with [its] terms.' " Southern Cal. Aerial Advertisers' Ass'n v. FAA, 881 F.2d 672, 675 (9th Cir.1989) (quoting FTC v. Standard Oil Co. of Cal., 449 U.S. 232, 239 (1981)).
 
 
 4
 Sun contends that the letter of dismissal is a "final order" because it states that the Commission can modify its minimum standards to accommodate another fuel provider without violating the Act. This contention lacks merit. The letter states that the Commission has the discretion to modify its minimum standards to accommodate another fuel provider "provided that amended minimum standards are consistent with its Federal obligations." Because the letter merely states that the Commission may attempt to revise its minimum standards, this is not a definitive statement that the Commission can lawfully do so. See Air Cal. v. United States Department of Transp., 654 F.2d 616, 620 (holding that an FAA letter merely commenting on possible means of compliance is not a definitive statement of the agency's position). Moreover, the letter has no "expectation of immediate compliance with its terms," nor does it have a "direct or immediate effect" on the day-to-day operation of Sun's business because the FAA dismissed the complaint without prejudice, and Sun can refile its complaint if the Commission ever takes such action. See Blincoe, 37 F.3d at 465. Therefore, there is no final order for the court to review. See id.
 
 
 5
 PETITION FOR REVIEW DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3