133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CITY of Arcata, City of Eureka, the County of Humboldt,
Arcata Chamber of Commerce, the Greater Eureka
Chamber of Commerce, Ken Davlin, an
individual, and Jack Limmer,
an individual, Petitioners,
v.
Ronald E. SLATER, as Secretary of the Department of
Transportation, Federal Aviation Administration, Jane F.
Garvey, as Acting Administrator of the Federal Aviation
Administration, and William C. Withycombe, as Regional
Administrator of the Western-Pacific Region, Respondents.
 No. 97-71015.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1997.
Decided Dec. 24, 1997.
 
 Petition for Review of an Order of the Federal Aviation Administration
 Before: SKOPIL, D.W. NELSON and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this proceeding, petitioners (collectively "Arcata") seek review of a Federal Aviation Administration ("FAA") order to close the manned flight service station ("FSS") at the Arcata/Eureka/ McKinleyville Airport ("Airport"). The parties are familiar with the factual background of this case, and we do not repeat it here.
 
 
 3
 1. Jurisdiction.
 
 
 4
 Under 49 U.S.C. § 46110(a), formerly codified as 49 U.S.C. § 1486(a), "a person disclosing a substantial interest in an order" of the FAA may petition for judicial review of the order in the court of appeals.[1] "The petition must be filed not later than 60 days after the order is issued." Id.
 
 
 5
 The FAA challenges our jurisdiction contending that Arcata did not file its petition for review within 60 days of the operable "order." To be an "order" within the meaning of § 46110(a), an FAA decision must: (1) be final, Blincoe v. FAA, 37 F.3d 462, 464 (9th Cir.1994); Mace v. Skinner, 34 F.3d 854, 857 (9th Cir.1994); (2) contemplate immediate compliance, id.; Air California v. United States Dep't of Transp., 654 F.2d 616, 620 (9th Cir.1981); (3) be public, National Air Transp. Ass'n v. McArtor, 866 F.2d 483, 485 (D.C.Cir.1989); and (4) have an administrative record that permits meaningful appellate review of the FAA's.decision, City of Alexandria v. Helms, 728 F.2d 643, 646 (4th Cir.1984).
 
 
 6
 An "order" need not be issued by the Administrator of the FAA, Southern Cal. Aerial Advertisers' Ass'n v. FAA, 881 F.2d 672, 675 (9th Cir.1989), can be in any form, need not be labeled an order, need not be the product of formal agency decision making, and need not contain any findings of fact. See, e.g., Southern Cal. Aerial, 881 F.2d at 676 (letter that was not labeled an order); Sima Prods. Corp. v. McLucas, 612 F.2d 309, 312 (7th Cir.1980) (no formal procedures by FAA required for a reviewable order).
 
 
 7
 We disagree with the FAA that its December 11, 1980, announcement in the Federal Register was the "order" to close the Airport's FSS. The announcement stated:
 
 
 8
 The plan specifies distinct phases for implementation of automation, construction of FSSs, demonstration of system capability, and development of a consolidation plan by FAA managers of the facilities involved and the local aviation community. Consolidation of individual existing FSSs will not be initiated until the preceding steps have been completed.
 
 
 9
 45 Fed.Reg. 81707 (Dec. 11, 1980) (emphasis added). The FAA projected that the automated system would not be fully operational until fiscal year 1989. Id. at 81709. Because no individual FSS was to be closed until these rather substantial "preceding steps" had been fulfilled, the 1980 announcement did not contemplate immediate compliance and was not final. Therefore, it was not an "order" for purposes of § 46110(a).
 
 
 10
 We are also unable to find an "order" in the series of letters sent by three FAA officials in late March, 1997, to Senators Feinstein and Boxer, Congressman Riggs, and the Director of the National Weather Service.[2] The March 28 letters both state that "[w]ritten comments concerning the proposal to decommission the Arcata FSS must be forwarded to reach the Air Traffic Division within 30 days of the date of this notice." The March 24 letters all state that "[w]e are in the process of soliciting comments from the aviation community and state and local officials on our planned action [i.e., the closure of the Airport's FSS]." The March 26 letter is more definitive, but its effect is undermined by the March 24 letter sent to the very same person. These letters are too tentative to be a final, definitive statement of the FAA's position. Therefore, they do not amount to an "order."
 
 
 11
 We conclude that the August 6, 1997, letter from the Associate Administrator for Air Traffic Services was the final order under § 46110(a). This letter stated a final agency position, it contemplated immediate compliance, it was made public, and it came from an FAA official. Further, the reviewable administrative record on the FAA's decision to close the Airport's FSS was complete as of this letter.
 
 
 12
 Accordingly, Arcata's September 10 petition was filed within 60 days of the FAA's order, and we have jurisdiction.[3]
 
 
 13
 2. Defunding.
 
 
 14
 We reject Arcata's argument that the FAA has violated 49 U.S.C. § 44514(b). That section states:
 
 
 15
 The Secretary and the Administrator of the Federal Aviation Administration shall establish a system of manned auxiliary flight service stations. The manned auxiliary flight service stations shall supplement the services of the planned consolidation to 61 automated flight service stations under the flight service stations modernization program. A manned auxiliary flight service station shall be located in an area of unique weather or operational conditions that are critical to the safety of flight.
 
 
 16
 As Arcata observes, there are two ways to read this section. First, "auxiliary" might carry its normal dictionary definition of "additional" or "supplementary." The Random House College Dictionary 92 (1980). In this reading, Congress enacted § 44514(b) because it saw that the FAA was in the process of replacing the existing FSSs (all manned) with automated flight service stations ("AFSSs"), and it was concerned about the complete elimination of all manned FSSs. Accordingly, it ordered the FAA to keep some of the existing FSSs, and it used the word "auxiliary" merely to indicate that these FSSs were "additional" to the automated FSSs. Thus, once the planned consolidation to 61 AFSSs occurred, any FSSs that continued to exist were necessarily auxiliary flight service stations ("XFSSs"). That would simply be the definition of the word "auxiliary."
 
 
 17
 A second reading of § 44514(b) is that an auxiliary flight service station is an entirely different thing from a flight service station. In this view, Congress had a specific kind of station in mind when it used the term "auxiliary flight service station," and § 44514(b) is read as ordering the FAA to establish a thing that never existed before. Thus, once the planned consolidation to 61 AFSSs occurred, it was not necessarily true that every FSS in existence was automatically an XFSS. The FAA would have to designate certain manned stations as XFSSs before they could be deemed a fulfillment of the FAA's obligations under § 44514(b).
 
 
 18
 We need not choose which of these readings of § 44514(b) is correct because Arcata cannot prevail under either reading. Congress defunded the XFSS program in 1996, and the plain language of the defunding provision indicates that it defunds everything that § 44514(b) obligates the FAA to do.[4] Department of Transportation and Related Agencies Appropriations Act, 1997, Pub.L. No. 104-205, 1996 U.S.C.C.A.N. (110 Stat.) 2951, 2956 ("none of the funds in this Act may be obligated or expended to operate a manned auxiliary flight service station in the contiguous United States"); see also Department of Transportation and Related Agencies Appropriations Act, 1998, Pub.L. No. 105-66, 111 Stat. 1425 (1997) (extending defunding through the current fiscal year). Accordingly, the FAA's obligation to implement that section has been suspended. See Burtch v. United States Dep't of the Treasury, 120 F.3d 1087, 1090 (9th Cir.1997); Environmental Defense Ctr. v. Babbitt, 73 F.3d 867, 871-72 (9th Cir.1995).
 
 
 19
 3. 49 U.S.C. § 44514(a)(1).
 
 
 20
 We also reject Arcata's argument that the FAA violated 49 U.S.C. § 44514(a)(1), which states:
 
 
 21
 The Secretary of Transportation may close, or reduce the hours of operation of, a flight service station in an area only if the service provided in the area after the closing or during the hours the station is not in operation is provided by an automated flight service station with at least model 1 equipment. There is no dispute that service at the Airport "is provided by an automated flight service station with at least model 1 equipment." Arcata urges us to read into § 44514(a)(1) the old requirement--now repealed--that an FSS may be closed only if the service after closure is "as good as or better" than the service before. This argument is meritless. Congress has repealed the "as good as or better" standard, and it cannot be brought back by judicial interpretation.
 
 PETITION FOR REVIEW DENIED.[5]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Because the Airport is located in California, review of the order may be had in either the District of Columbia Circuit or this court. See 49 U.S.C. § 46110(a)
 
 
 [2]
 The FAA does not argue that its 1990 schedule of planned FSS closures was a final order, nor does it contend that the September, 1996, order was the final one for purposes of this case. We agree with Arcata that these documents were not final orders under § 46110(a)
 
 
 [3]
 Because we find jurisdiction under § 46110(a), we need not decide whether the All Writs Act, 28 U.S.C. § 1651, provides an alternative basis for jurisdiction, as Arcata contends
 
 
 [4]
 The defunding provisions are coextensive with the FAA's obligations under § 44514(b), except that they do not apply in Alaska or Hawaii
 
 
 [5]
 We deny Arcata's motion for judicial notice because the proffered documents are irrelevant