**Sanford M. SKOLNICK; American Air–Lites, LLC, Petitioners,**

v.

**FEDERAL AVIATION ADMINISTRATION; U.S. Department of Transportation, Respondents.**

No. 03–73233.

FAA No. Notam 3/2123.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2005.

Decided May 12, 2005.

Stephen M. Crampton, Esq., Tupelo, MS, for Petitioners.

AGC for Litigation, U.S. Dept. of Transportation, Washington, DC, for Respondents.

Before WARDLAW and BERZON, Circuit Judges, and FITZGERALD,* District Judge.

### MEMORANDUM **

Sanford Skolnick filed this petition to challenge the constitutionality of the Federal Aviation Administration's ("FAA") Notice to Airmen ("NOTAM") 3/2123, which prohibits flights under 3000 feet within a three-nautical-mile radius of the Disneyland Theme Park in Anaheim, California. A petition to challenge an order of the FAA "must be filed not later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day." 49 U.S.C. § 46110(a).

Skolnick did not file his petition within sixty days of the date of the issuance of NOTAM 3/2123. He has not shown reasonable grounds why this court should excuse his untimely filing. *See Sierra Club v. Skinner*, 885 F.2d 591, 593 (9th Cir. 1989) (refusing to find reasonable grounds for filing late even when "the FAA ha[d] created a confusing situation" leading to the petitioner filing in the wrong court and missing the deadline to file in the court of appeals).

Skolnick's argument that he could not have filed earlier because he lacked standing to challenge NOTAM 3/2123 before he learned of Gay Days is unpersuasive. Standing in First Amendment cases is liberally construed. *See Ariz. Right to Life Political Action Comm. v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003). However, Skolnick's petition to fly over the October 4, 2003 Gay Days is obviously moot, leaving only his general request to be allowed to fly over Disneyland "if and when this Court grants [ ] the relief requested." This claim amounts to only a general desire to fly banners over Disneyland, a desire that would have given him standing to challenge the NOTAM at issue within the sixty-day period. Thus, he has not demonstrated a reasonable ground for exception to § 46110.

The petition is DENIED.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General
of the United States, pursuant to Fed. R.App.
P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.