MARTIN, Circuit Judge,
dissenting:
The majority does what the Supreme Court, our Court, and many other courts have cautioned not to do, and therefore I respectfully dissent.
The opinion finds that Mr. Corbett’s petition is untimely, and he failed to establish a reasonable ground for his delay in filing it. If that is true, the case is over. Instead the opinion continues on with an unnecessary holding “in the alternative,” Panel Op. at 1174, which reaches the merits of Mr. Corbett’s petition, and finds no violation of the Fourth Amendment.
Long ago, the Supreme Court explained that courts should not “decide questions of a constitutional nature unless absolutely necessary to a decision of the case.” Burton v. United States, 196 U.S. 283, 295, 25 S.Ct. 243, 245, 49 L.Ed. 482 (1905); see also Spector Motor Serv., Inc. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944) (“If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable.”). Other courts adhere to this maxim. See, e.g., Shaw v. Martin, 733 F.2d 304, 314 (4th Cir.1984) (“[W]e should not decide a constitutional question when a factual ground exists for our decision.”). And until now, our Court has generally followed this precept as well. See, e.g., United States v. Charles, 722 F.3d 1319, 1334 (11th Cir.2013) (Marcus, J., specially concurring) (“Declining to address an unnecessary constitutional question preserves the unique place and character, in our scheme, of judicial review of governmental action for constitutionality, and pays heed to considerations of timeliness and maturity, of concreteness, definiteness, certainty, and of adversity of interests affected.” (quotation marks omitted)). I do not understand why we ignore this established principle here.[1]
*1185 I am also concerned by the majority’s conclusion that Mr. Corbett did not establish a reasonable, ground for the timing of his filing. The opinion states: “We have recommended that petitioners file concurrent petitions in multiple courts where jurisdiction is not clear.” Panel Op. at 1179. For support, it cites only one case, Greater Orlando Aviation Authority v. Federal Aviation Administration, 939 F.2d 954 (11th Cir.1991). And in citing that case, the majority says that I “fail[ ] to acknowledge” that in Greater Orlando, this Court “advised” the petitioner to file two appeals concurrently. But I do fully acknowledge that in Greater Orlando, this Court observed that the Greater Orlando Aviation Authority could have at the same time pursued (1) a state court appeal of a zoning board decision; and (2) an appeal in the 11th Circuit of a Federal Aviation Administration decision that ultimately related to the location of a new airport in Orlando. What I absolutely do fail to acknowledge, however, is that this Court’s observation in the Greater Orlando decision somehow stands for the proposition that here, Mr. Corbett should have known to file identical briefs, asserting identical claims in both the District Court and this Court at the same time. Greater Orlando simply does not sanction this practice and neither does this Court’s jurisprudence as a whole.
To the contrary, we have cautioned against the possibility of “resources wasted when two courts unnecessarily proceed along the same track and at the same time.” Maharaj v. Sec. for Dep’t of Corr., 432 F.3d 1292, 1307 (11th Cir.2005); see also Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (“[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.”).
Given Mr. Corbett’s pro se status, his active pursuit of this challenge was anything but “quixotic,” as the majority characterizes it at one point. Panel Op. at 1179 (quotation marks omitted). Cf. Sierra Club v. Skinner, 885 F.2d 591, 594 (9th Cir.1989) (“We find it difficult to believe that someone among Sierra Club’s legal advisers did not sound a note of caution as to jurisdiction.”). Mr. Corbett’s pursuit appears to me to have been methodical and diligent. Shortly after the Supreme Court confirmed he chose the wrong forum, he immediately filed here. I do not believe he should be penalized for doing so. This is especially true where there is no allegation of bad faith, the filing deadline is not jurisdictional, and there is no prejudice to the government.

. The majority claims that the opinions cited here "stat[ej” that courts should only avoid ruling on constitutional grounds "where other outcomes could be reached on the merits.” Panel Op. at 1182. None of the opinions make that statement. Nor do others. See, e.g., Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandéis, J., concurring) ("The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.... Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter.”).